# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DAVID J. PERRAS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**THE COCA-COLA COMPANY OF NORTH AMERICA,**<br><br>    **Defendant.** | **CIVIL ACTION FILE**<br><br>**NO. 1:19-CV-1831-MHC** |

## **ORDER**

This case comes before the Court on Plaintiff David J. Perras ("Perras")'s "request for amending or addendum" [Doc. 21], which this Court considers as Perras's Motion to Amend his Amended Complaint ("Pl.'s Mot.").

Perras, a former employee of Defendant Coca-Cola Company of North America ("Coca-Cola"), filed his Amended Complaint on July 9, 2019, contending that he is entitled to relief against Coca-Cola under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), for the loss of medical and life insurance coverage. Am. Compl. [Doc. 9]. Coca-Cola filed a Motion to Dismiss Perras's Amended Complaint on

July 23, 2019 [Doc. 12]. On January 24, 2020, this Court denied the motion, concluding that although Coca-Cola did not breach its fiduciary duties by informing Perras that his health and life insurance benefits would continue, the Amended Complaint did state a claim for breach of fiduciary duty based on Coca-Cola's failure to inform Perras of his life insurance conversion rights having been aware of Perras's special circumstances. Jan. 24, 2020, Order [Doc. 17].

Perras has now filed a document in which he asks the Court "to allow an addendum or amendment to my complaint" because his former attorney "withheld from the court a vast majority of the documents which I had requested to be used as the basis of my complaint in 2017." Pl.'s Mot. at 1. Attached to Perras's filing are a number of exhibits which he contends establishes Coca-Cola's duty to continue to provide him with health insurance benefits. This is despite the fact that Perras previously agreed that such benefits should have ended in February of 2013,[1] did not assert a prior claim under ERISA for denial of benefits, and limited his claims for breach of fiduciary duties:

---

[1] Perras previously received medical benefits under a plan which provided that medical insurance coverage would end when, among other things, an employee leaves the company unless coverage is extended. Med. Benefits Summ. Plan Description for U.S. Assocs. (Jan. 1, 2010) (the "2010 Plan") [Doc. 12-2] at 53. After-tax coverage for an employee receiving long-term disability ("LTD") benefits can continue by paying required contributions "until the earlier of the date

> Defendant spends almost four pages of its memorandum [in support of its motion to dismiss] arguing that the 2010 plan language precludes Perras'[s] claim for benefits. Defendant reiterates that under the 2010 plan language, Perras'[s] ancillary benefits should have ended in February of 2013. Perras agrees that the 2010 plan so states. For this reason, Perras did not bring a claim for benefits in the original complaint or in the amended complaint. Again, Perras did not bring a claim under ERISA Section 502(a)(1)(B). Perras brought his claims under ERISA's "catch-all" provision which provides a remedy for a plan administrator's breach of fiduciary duty See ERISA Section 502(a)(3). One reason that Perras did not bring a claim for denial of benefits this (sic) is that Defendant is not an insurance company nor are any of the plans relevant to this case self-funded. Defendant provides access to benefits, but Defendant does not actually pay benefits.

Br. in Resp. to Def.'s Mot. to Dismiss [Doc. 13] at 8 (including footnote).

Perras apparently is unhappy with the course of his prior representation by his former counsel, has been unable to retain new counsel, and now is proceeding *pro se*. He seeks to recast this entire litigation as one that alleges a denial of benefits rather than a breach of fiduciary duty.

Under Federal Rule of Civil Procedure Rule 15(a), a party may amend his complaint once as a matter of course within twenty-one days after service of a response by answer or motion. Otherwise, the party may amend his complaint "only with the opposing party's written consent or the court's leave." FED. R. CIV.

---

that LTD benefits end, you retire, or 3 years from the date that your LTD begins ("LTD Coverage Period")." Id. at 54.

3

P. 15(a)(2). Rule 15(a) further instructs that "[t]he court should freely give leave when justice so requires." Id. "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) (quoting Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981)); see also Spanish Broad. Sys. v. Clear Channel Commc'ns, 376 F.3d 1065, 1077 (11th Cir. 2004) ("The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial.") (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Nevertheless, courts may deny a motion to amend for numerous reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." Foman, 371 U.S. at 182; see also Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004). In particular, "[c]ourts may deny a motion to amend a complaint as futile . . . if the proposed claim would not withstand a motion to dismiss." James Madison Ltd. By Hecht v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (citing Foman, 371 U.S. at 181-82). "[I]n assessing an argument that an amendment would be futile, the court must assess the

4

proposed amendments under the same standard as would be applied to a motion to dismiss." Oladokun v. Corr. Treatment Facility, 5 F. Supp. 3d 7, 13 (D.D.C. 2013).

As Perras recognized when filing his Amended Complaint (through filings made by his former counsel), the 2010 Plan in effect when Perras began receiving medical benefits contains an express three-year limitation on continued benefits that forecloses a claim under 29 U.S.C. § 1132(a)(3). Perras is bound by the arguments he made when he was represented by his former attorney and cannot now amend his pleadings to raise a claim which is prevented by the express terms of the 2010 Plan. In denying a motion to amend sought by a *pro se* plaintiff after the withdrawal of his attorney, another court in this circuit stated as follows:

> As a general proposition, it is a cornerstone of our representative system of advocacy that a litigant is bound by all acts and omissions of his freely selected agent. Simply put, a party cannot avoid the consequences of the acts or omissions of his voluntarily-selected "lawyer-agent." More specifically, federal courts resist litigants' efforts to derive "good cause" for Rule 16(b)(4) purposes from mere disagreement with the strategy decisions of prior counsel.

Quinn v. Deutsche Bank Nat'l Trust Co., No. 13-0115-WS-C, 2014 WL 977632, at *4 (S.D. Ala. Mar. 12, 2014) (citations and internal punctuation omitted).

Although Perras's preliminary report indicated that "[a]n amendment to expand the evidence to include additional evidence which the Defendant's (sic) withheld and

5

also were not supplied to the court" would be filed, [Doc. 26 at 8], Perras has failed to show that the additional evidence would support a claim that was not raised in the Amended Complaint and, thus, an amendment to that effect is futile. Accordingly, Perras's Motion [Doc. 21] is **DENIED**.

Given Perras's current *pro se* status, the Court is bound to note that the Scheduling Order in this case provides for fact discovery to conclude on August 5, 2020, and for dispositive motions to be filed no later than September 4, 2020. Scheduling Order [Doc. 28]. In an apparent effort to short circuit Perras's ability to obtain discovery from it during the applicable period, Coca-Cola recently filed a motion for summary judgment with over two months remaining in the period for fact discovery. See Def.'s Mot. for Summ. J. [Doc. 31]. Given the COVID-19 pandemic and Perras's current medical condition, this Court finds that Coca-Cola's apparent effort to deprive Perras of the opportunity to conduct fact discovery for his remaining claim in this case violates the Scheduling Order. Indeed, Coca-Cola's own Preliminary Report and Discovery Plan did not alert Perras or the Court as to its intent to file a motion for summary judgment at any time other than "within thirty (30) days after the close of discovery," and itself sought a period of discovery that would continue through the start of July 2020. See Def.'s Prelim. Report & Disc. Plan [Doc. 22] at 7-9. Accordingly, Defendant's Motion for

Summary Judgment [Doc. 31] is **DENIED WITHOUT PREJUDICE** to refile as provided in accordance with this Court's Scheduling Order following the close of fact discovery.

**IT IS SO ORDERED** this 28th day of May, 2020.

_____
MARK H. COHEN
United States District Judge